FILED
SEP 20 2005
ROBERT D. DENNIS
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | No. CR 05-172 M |
| Plaintiff,       ) | |
| ) | |
| -vs-       ) | Violations: 18 U.S.C. § 1030(a)(2)(C) |
| ) | 18 U.S.C. § 2113(b) |
| KENNETH BRUCE DEARMAN,       ) | 18 U.S.C. § 1001(a)(2) |
| ) | 18 U.S.C. § 981(a)(1)(C) |
| Defendant.       ) | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Federal Grand Jury charges:

### Introduction

At all times relevant to this Indictment:

1. BancFirst was a financial institution with deposits insured by the Federal Deposit Insurance Corporation.

2. BancFirst maintained a night deposit box at Quail Springs Mall in Oklahoma City into which businesses who were customers of BancFirst deposited the proceeds of retail sales.

3. Loomis Fargo provided armored transportation services to BancFirst and was responsible for maintaining the security of the Quail Springs Mall night deposit box, for taking custody on behalf of BancFirst of cash and checks placed into the Quail Springs Mall night deposit box, and for transporting that money to BancFirst offices in Oklahoma City. In about April of 2003, pursuant to its duty to secure and transport money belonging to BancFirst, Loomis Fargo installed an electronic lock on the Quail Springs Mall night deposit box that required Loomis Fargo employees to obtain an encrypted combination from a Loomis Fargo manager, including the Operations Manager, to access the box.

4. Loomis Fargo maintained a computer in Columbia, Maryland, that provided certain Loomis Fargo employees with encrypted combinations for electronic locks on Loomis Fargo night deposit boxes, including the night deposit box at Quail Springs Mall.

5. The defendant, **KENNETH BRUCE DEARMAN**, was employed by Loomis Fargo as Operations Manager in Oklahoma City, and resided in Wellston, Oklahoma.

## COUNT 1

6. The Federal Grand Jury incorporates paragraphs 1-5 of the Indictment.

7. On about November 30, 2003, in Lincoln County, Oklahoma, and elsewhere,

-----------------------------------**KENNETH BRUCE DEARMAN**----------------------------------

intentionally accessed a computer of Loomis Fargo in excess of his authorization and thereby obtained information from a protected computer for his private financial gain through conduct involving an interstate communication. In particular, **DEARMAN** used his home computer and the user identification and password of another Loomis Fargo employee to access a Loomis Fargo computer in Columbia, Maryland, to obtain an encrypted combination for the Quail Springs Mall night deposit box in order to make possible the theft of money from the night deposit box.

**All in violation of Title 18, United States Code, Section 1030(a)(2)(C), the penalty for which is found in Title 18, United States Code, Section 1030(c)(2)(B).**

## COUNT 2

8. The Federal Grand Jury incorporates paragraphs 1-5 of the Indictment.

9. On about November 30, 2003, in Oklahoma City, Oklahoma, and elsewhere,

-----------------------------------**KENNETH BRUCE DEARMAN**----------------------------------

took and carried away, with intent to steal and purloin, property and money exceeding $1,000 belonging to BancFirst. In particular, **DEARMAN** used his position as Operations Manager to obtain access to the Quail Springs Mall night deposit box and carry away more than $212,000 in cash.

**All in violation of Title 18, United States Code, Section 2113(b).**

### COUNT 3

10. The Federal Grand Jury incorporates paragraphs 3 and 5 of the Indictment.

11. On about December 5, 2003, in the Western District of Oklahoma,

-----------------------------------------**KENNETH BRUCE DEARMAN**----------------------------------

knowingly and willfully made a materially false statement in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the executive branch of the Government of the United States. In particular, **DEARMAN** stated to agents of the FBI who were investigating violations of federal law that about three months before December 5, 2003, he had removed software from a computer in his home that he had earlier used in the course of his employment to obtain encrypted combinations to deposit boxes serviced by Loomis Fargo, when he knew that as recently as November 30, 2003, he had used that software on that computer to obtain an encrypted combination to the Quail Springs Mall night deposit box.

**All in violation of Title 18, United States Code, Section 1001(a)(2).**

### COUNT 4

12. The Federal Grand Jury incorporates paragraph 5 of the Indictment.

13. On about January 13, 2004, in the Western District of Oklahoma,

-----------------------------------------**KENNETH BRUCE DEARMAN**----------------------------------

knowingly and willfully made a materially false statement in a matter within the jurisdiction of the FBI, an agency of the executive branch of the Government of the United States. In particular, **DEARMAN** stated to agents of the FBI who were investigating violations of federal law that when Loomis Fargo suspended his employment on December 5, 2003, he had about $3,500 in cash, had been living on this cash for more than a month, and did not have much left, when he knew that he had approximately $8,285 in cash under his bed, in his medicine cabinet, and in a family Bible.

**All in violation of Title 18, United States Code, Section 1001(a)(2).**

### COUNT 5

14. The Federal Grand Jury incorporates paragraph 5 of the Indictment.

15. On about January 27, 2004, in the Western District of Oklahoma,

---------------------------------------**KENNETH BRUCE DEARMAN**---------------------------------------

knowingly and willfully made a materially false statement in a matter within the jurisdiction of the FBI, an agency of the executive branch of the Government of the United States. In particular, **DEARMAN** stated to agents of the FBI who were investigating violations of federal law that he purchased a Sony computer and flat-screen monitor located in his residence from R.R., an employee of Loomis Fargo, for $450, when he knew that he had purchased these items with cash on January 2, 2004, at Best Buy for $2,234.95.

**All in violation of Title 18, United States Code, Section 1001(a)(2).**

### FORFEITURE ALLEGATIONS

16. Upon conviction of the offense alleged in Count 2 of this Indictment, defendant **KENNETH BRUCE DEARMAN** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c),

any property constituting or derived from proceeds obtained directly or indirectly as a result of the crime alleged in Count 2, including but not limited to the following:

> A sum of money equal to $212,241.95 in United States currency, representing the amount of cash proceeds obtained as a result of the offense, bank theft, in violation of Title 18, United States Code, Section 2113(b).

17. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21 United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to the following:

> Lots 5 and 6, HARRAH OAK TREE ESTATES, a subdivision in the S/2 NE/4 of Section 21-T13N-R2E IM, Lincoln County, Oklahoma, also known as Route 1, Box 352C, Oaktree Estates, Wellston, Oklahoma.

**All in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).**

A TRUE BILL:

/s/ Steve Fluke

FOREPERSON OF THE GRAND JURY

JOHN C. RICHTER
United States Attorney

/s/ Scott E. Williams

SCOTT E. WILLIAMS
Assistant U.S. Attorney